IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTY RICHARD FERGUSON,       *

     Plaintiff *pro se*,          *

v.                         Civil Action No. RDB 06-619

                          *

ASSOCIATED BUILDERS AND
CONTRACTORS, INC., *et al.*,     *

     Defendants.            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

This action arises from a Complaint filed by *pro se* Plaintiff Marty Richard Ferguson ("Plaintiff" or "Ferguson") against Defendants Associated Builders and Contractors, Inc., Condustrial, Inc., and Michelle Butt (collectively, "Defendants"). The Complaint asserts numerous causes of action under federal law—including alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII")—and the law of the State of Maryland. Currently pending before this Court are seven motions:

    (1)    Motion to Dismiss, filed by Defendant Condustrial, Inc. ("Condustrial");

    (2)    Motion to Dismiss, filed by BGE Home Products & Services, Inc. ("BGE Home");[1]

    (3)    Motion for Summary Judgment, filed by Defendants Associated Builders and Contractors, Inc. ("ABC") and Michelle Butt ("Butt");

    (4)    Motion to Dismiss Plaintiff's Title VII claim, filed by ABC and Butt, and joined by BGE Home;

---

[1]    Although not named as a defendant in this action, BGE Home was served with a summons and Complaint on April 13, 2006. Accordingly, BGE Home filed an Answer on May 3, 2006 and its Motion to Dismiss on July 31, 2006.

(5)     "Motion to Open and Vacate Judgment/Amend Complaint," filed by Plaintiff;

(6)     "Motion to Strike Defendant ABC's Amended Title VII Summary Judgment, Motion for Counsel, and Response to BGE/Home Products and Services, Inc. (Constellation Energy) Motion to Dismiss and/or Consignment to ABC Title VII Summary Amendment," filed by Plaintiff; and

(7)     "Motion for Summary Judgment against ABC and Butt/Constellation Energy or Alternatively Final Request for Arbitration," filed by Plaintiff.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). This Court has jurisdiction under 28 U.S.C. § 1331. For the reasons stated below, Defendants' Motions to Dismiss and for Summary Judgment are GRANTED and the various motions filed by Plaintiff are DENIED. As a result, this case will be closed.

## BACKGROUND

After reviewing the parties' cross-motions for summary judgment and viewing the facts in the light most favorable to the *pro se* Plaintiff, this Court finds that there is no substantial controversy with respect to the following facts:

- ABC is a national trade association that offers a four-year apprenticeship program for plumbers. This program requires students to work and attend class. An individual may not participate in the apprenticeship program if he is not employed by a participating employer. (Butt Aff. ¶¶ 4-6.)

- One benefit of participating in ABC's apprenticeship program is that students can obtain the 7,500 hours of work experience that is required to sit for the examination for a "Journeyperson" license. This examination is administered by the State of Maryland. An individual is not required to participate in ABC's apprenticeship program in order to complete the 7,500 hour requirement, but can fulfill this requirement by working outside the apprenticeship program. (Butt Aff. ¶¶ 8-9.)

- On March 20, 2003, Plaintiff was involved in a serious car accident. The accident occurred when Plaintiff was driving to work. Plaintiff was thrown from the sitting position, struck his head and both knees on hard surfaces, and his left index finger was severed and later amputated. (Pl.'s Mem. Supp.

Mot. Summ. J., unnumbered exhibit (Psych. Eval. Rpt. dated 5/2/03).)

- At the time of the accident, Plaintiff was enrolled in the ABC apprenticeship program while working for a participating employer.[2]  (Butt Aff. ¶ 12.)

- On May 6, 2003, Plaintiff received a letter from ABC stating that "[a]s of this date, you have been deregistered as a plumbing apprentice from the ABC apprenticeship program due to excessive absenteeism." (Pl.'s Mem. Supp. Mot. Summ. J., unnumbered exhibit (Letter from ABC to Plaintiff dated 5/6/03).)

- In July 2004, ABC denied Plaintiff's request for reinstatement in the apprenticeship program on grounds that he was not working for a participating employer. (Butt Aff. ¶ 14.)

- At some later point, ABC provided Plaintiff's employer, Condustrial, with the opportunity to become a participating employer in the apprenticeship program. (Pl.'s Resp. to Condustrial's Mot. Dismiss, unnumbered exhibit (Letter from ABC to Condustrial dated 9/14/04).)  However, Condustrial never completed the appropriate paperwork. (*Id.* at unnumbered exhibit (Letter from ABC to Plaintiff and Condustrial dated 10/18/04); *see also* Butt Aff. ¶¶ 15-16.)

- Plaintiff reiterated his request for reinstatement in the apprenticeship program. ABC denied these requests. The subsequent interactions between Plaintiff and ABC employees were not cordial. (Butt Aff. ¶¶ 17-20; Pl.'s Resp. to Defs' Mot. Summ. J. 4.)

On March 9, 2006, Plaintiff filed his Complaint in this Court. On May 3, 2006, Condustrial filed a Motion to Dismiss. (Paper No. 14.) On July 31, 2006, BGE Home filed a Motion to Dismiss. (Paper No. 20.) On August 21, 2006, ABC and Butt filed a Motion for Summary Judgment. (Paper No. 23.) On August 23, 2006, ABC and Butt filed a Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment (Paper No. 24.) On September 1, 2006, BGE Home adopted the Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment filed by ABC

---

[2]     The name of that employer is unclear from the Plaintiff's Complaint but that fact does not affect this Court's opinion.

and Butt.  (Paper No. 26.)  On September 7, 2006, Plaintiff filed his "Motion to Open and Vacate Judgment/Amend Complaint."  (Paper No. 27.)  On September 25, 2006, Plaintiff filed his "Motion to Strike Defendant ABC's Amended Title VII Summary Judgment, Motion for Counsel, and Response to BGE/Home Products and Services, Inc. (Constellation Energy) Motion to Dismiss and/or Consignment to ABC Title VII Summary Amendment."[3]  (Paper No. 30.)  On November 15, 2006, Plaintiff filed his "Motion for Summary Judgment against ABC and Butt/Constellation Energy or Alternatively Final Request for Arbitration."  (Paper No. 32.)  A scheduling order has not been issued in this matter.

<u>STANDARD OF REVIEW</u>

**I.     Motion to Dismiss.**

Defendants seek to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Coney v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  Therefore, a Rule

---

[3]     BGE Home is a wholly-owned subsidiary of Constellation Enterprises, Inc., which is a wholly-owned subsidiary of Constellation Energy Group, Inc.  (*See* Paper No. 13.)

12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005).

## II.   Motions for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the Supreme Court explained that only "facts that might affect the outcome of the suit under the governing law" are material. *Id.* at 248. Moreover, a dispute over a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court further explained that, in considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence supporting a claimed factual dispute exists to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005).

When both parties file motions for summary judgment, as here, the court applies the same standards of review. *Taft Broad. Co. v. United States,* 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.,* 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to

resolve genuine issues of material fact on a motion for summary judgment – even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted), *cert. denied,* 469 U.S. 1215 (1985). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.,* 627 F. Supp. 170, 172 (D. Md. 1985). "[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Nafco Oil & Gas, Inc. v. Appleman,* 380 F.2d 323, 325 (10th Cir. 1967); *see also McKenzie v. Sawyer,* 684 F.2d 62, 68 n.3 (D.C. Cir. 1982) ("[N]either party waives the right to a full trial on the merits by filing its own motion."). However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non existence of a factual dispute." *Shook v. United States,* 713 F.2d 662, 665 (11th Cir. 1983) (citation omitted). This Court has an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986)).

<u>DISCUSSION</u>

**I.    Plaintiff's Complaint.**

The Complaint asserts numerous randomly stated causes of action. Although not organized by counts, Plaintiff provides that:

> The Facts previously mentioned violated Title VII of the Civil Rights

-6-

> Act, Title I and deprived Plaintiff of the Right of Freedom of Speech to Peaceably Assemble and address his grievance, Equal Protection, Life Liberty and Pursuit of Happiness, Double Jeopardy all without Fair and Proper Due Process of Law as Guaranteed by the U.S. Constitution.
>
> Plaintiff Sues Associated Builders and Contractors Inc. and its affiliates as Respondeat Superior in the care of chapter President Michael Henderson for all causes of action hereto.
>
> Plaintiff sues Defendant, Director Michelle Taylor Butt in her individual and official capacity for all causes of action with malice and aforethought before during and after the fact, negligence, gross negligence and intentional infliction of emotional stress and trauma.
>
> Plaintiff sues Defendant John Pacquin for negligence, intentional negligence and libel and Slander.

(Compl. 5.)  This Court notes that the precise nature of the above causes of action is difficult to discern.  In connection with these claims, Plaintiff requests compensatory damages in the amount of $2,000,000, punitive damages in the amount of $100,000, damages for libel and slander in the amount of $10,000, a written apology from the President of ABC, and certain injunctive relief.  (*Id.*)

## II.   BGE Home.

Plaintiff "objects and stipulates [to the Motion to Dismiss filed by BGE Home] on grounds that respondent BGE/Home (BGE) *lacks standing in that Plaintiff has not sued BGE in this action* and is only fulfilling his contractual obligations to respondent BGE."  (Pl.'s Resp. to BGE's Mot. Dismiss 1 (emphasis added).)  This position is consistent with the Complaint, which does not name BGE Home as a defendant.  Indeed, the Complaint contains only one reference to BGE Home: "On or about September 2, 2002 Plaintiff, and ABC affiliate BGE/Home sign corporate statement as an alternative to federal action to stop discriminatory activity and specifically addressing Plaintiff nedd [sic] for accomadations [sic] when where medically necessary."  (Compl. 3.)  As noted above, the

-7-

reason that BGE Home is participating in this matter is that it received a summons on April 13, 2006.

Accordingly, in light of Plaintiff's admission that he has not sued BGE Home, the Motion to Dismiss

filed by BGE Home is GRANTED.

## III.   Condustrial.

Condustrial seeks dismissal from this action on grounds that the Complaint does not assert

any claims against Condustrial. Acknowledging that Plaintiff does assert causes of action against

its former employee Jon Pacquin ("Pacquin"), Condustrial contends that Plaintiff (1) fails to allege

that Condustrial bears any liability for the conduct of Pacquin, and (2) fails to allege facts sufficient

to support any claims against Pacquin. As a result, Condustrial moves to dismiss Plaintiff's claims

against Condustrial pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]

In considering a motion to dismiss a *pro se* complaint under Rule 12(b)(6), this Court is

obligated to construe the complaint as asserting "any and all legal claims that its factual allegations

can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This

simplified notice pleading standard relies on liberal discovery rules and summary judgment motions

to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S.

at 512. Where the plaintiff is proceeding without a lawyer, the court has an even higher obligation

---

[4]       Although Pacquin is named as a defendant in the Complaint, it does not appear
that Pacquin was properly served with the summons and Complaint. The only evidence
regarding service suggests that Plaintiff attempted to serve Pacquin through Condustrial. (*See*
Paper No. 7 (summons and Complaint sent to "Jon Pacquin/Condustrial Inc.").) However,
Pacquin is no longer employed by Condustrial and Plaintiff's attempt at service does not comply
with the Federal Rules of Civil Procedure. The summons and complaint must be served
personally pursuant to Federal Rule of Civil Procedure 4(e)(2) or the defendant must waive
service through the method set forth in Rule 4(d). Accordingly, this Court will dismiss
Plaintiff's claims against Pacquin.

to construe the complaint liberally. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). However, this obligation "does not transform the court into an advocate" and the court "is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dept. of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks and citation omitted).

After reviewing the papers submitted by the parties, this Court will grant Condustrial's Motion to Dismiss. Although the Complaint does not assert claims against Condustrial, it does assert that Pacquin is liable for "negligence, intentional negligence and Libel and Slander." (Compl. 5.) Plaintiff's responsive papers, moreover, indicate that Plaintiff decided to include Condustrial in this action on the theory that Condustrial is responsible for Pacquin's conduct:

> [A]ll Plaintiff [sic] claims arise from the negligence of Defendant Butt pursuant to 42 USCA 703 and Md. Code Ann. 12.101(7)(1) and (2) where as required a "reasonable accommodation" is required to reinstate Plaintiff back into The ABC Apprenticeship program. . . . Condustrial Inc. and Jon Paquin share the same negligence of Defendant Butt.

(Pl.'s Resp. to Condustrial's Mot. Dismiss 2-3.)  Because neither the Complaint nor Plaintiff's responsive papers suggest that Condustrial is responsible for anything other than Plaintiff's asserted causes of action against Pacquin, this Court will focus its analysis on those claims.

Plaintiff's claims against Pacquin fail to state a claim upon which relief could be granted. Under Maryland law, a cause of action in negligence requires that the plaintiff show: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss; and (4) that the loss or injury proximately resulted from the defendant's breach of the duty. *See, e.g., Rosenblatt v. Exxon Co., U.S.A.*, 642 A.2d 180, 188

(Md. 1994) (citations omitted).  In this case, Plaintiff's only allegation with respect to Pacquin

provides that:

> [O]n or around 3:30 p.m. Defendant John [sic] Pacquin called
> Plaintiff, characterized as "Psycho" terminated his employ stating to
> Plaintiff, "Marty, were [sic] new with these guys (ABC) and the
> President called and told us you threatened Director Butt."

(Compl. 5.)  Even construing these allegations in the light most favorable to Plaintiff, they are

insufficient to support a claim of negligence under Maryland law.  Plaintiff simply fails to make

any allegations with respect to duty, breach, or resulting loss.  To the extent that Maryland law

supports a claim for "intentional negligence," moreover, this cause of action would fail for the

same reasons.  Finally, Plaintiff's claim for libel and slander fails because there is no suggestion

that Pacquin's statements were published, which is an essential element of both libel and slander.

*See, e.g., Foley v. Hoffman*, 52 A.2d 476, 481 (Md. 1947).

In sum, the Complaint fails to assert any causes of action against Condustrial, fails to

assert that Condustrial is liable for the conduct of Pacquin, and fails to support Plaintiff's claims

against Pacquin with sufficient factual allegations.  Even accepting all allegations in the

Complaint as true, it appears certain that Plaintiff cannot prove any set of facts that would render

Condustrial liable for the causes of action asserted in the Complaint.  Accordingly, the Motion to

Dismiss filed by Condustrial is GRANTED.

**IV.     Cross-Motions for Summary Judgment.**

Pending before this Court are cross-Motions for Summary Judgment filed by ABC and

Plaintiff.  After reviewing these motions, this Court is satisfied that these motions are "probative

of the non existence of a factual dispute."  *Shook,* 713 F.2d at 665 (citation omitted).  As a

preliminary matter, this Court acknowledges the general principle that "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The nonmoving party, however, "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Apps. & Service Co.*, 80 F.3d 954, 961 (4th Cir.1996). "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Harrods Ltd.*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961). In this case, Plaintiff has not filed a Rule 56(f) affidavit and does not appear to contend that discovery is necessary. Based upon this Court's thorough review of the random allegations of Plaintiff in this case, this Court finds that there is no discovery which would support the various claims asserted. As a result, this Court will consider the Motion for Summary Judgment filed by ABC and the cross-Motion for Summary Judgment filed by Plaintiff.

### A.   Federal Claims.

#### (1)   Title VII.

Plaintiff contends that ABC engaged in numerous Title VII violations. Although the precise contours of these claims is difficult to discern, Plaintiff alleges that there was "gross discrimination at the ABC training facility" that included "harassing supervisors and Hostile environments," "failing to hire and assign," and "unlawful terminations/expulsions." (Compl. 2-

3.) These claims fail for at least two reasons. First, ABC is not a proper defendant to these claims because it was not Plaintiff's employer. Title VII provides that "[i]t shall be an unlawful employment practice for an *employer* . . . to fail or refuse to hire or to discharge . . . or to otherwise discriminate against . . . any individual . . . because of such individual's . . . race." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). In this case, the parties agree that ABC did *not* employ Plaintiff. (*See* Pl.'s Mem. Supp. Mot. Summ. J. 4 ("While ABC is *not* the employer they are the guaranty of his CSA . . .") (emphasis added).) Second, Plaintiff fails to articulate a *prima facie* case with respect to any of the Title VII claims listed in the Complaint. As already noted, Plaintiff concedes that he was not employed by ABC. With respect to any hostile work environment claim, moreover, Plaintiff fails to forecast any evidence suggesting that ABC engaged in conduct based on race or conduct of a sufficiently severe or pervasive nature.[5] With respect to wrongful termination, Plaintiff fails to identify any evidence to suggest that he was meeting ABC's legitimate expectations at the time of the adverse employment action or that his position remained open or was filled by an applicant outside the protected class.[6] Finally, with respect to failure to hire, Plaintiff fails to point to any evidence that would support his claim that

---

[5]      *See, e.g., Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001) (a *prima facie* case of hostile work environment may be established by showing that (1) the harassment was unwelcome, (2) based on race, (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive environment, and (4) there exists some basis for imposing liability on the employer).

[6]      *See, e.g., Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006) (a *prima facie* case of wrongful discharge may be established by showing that plaintiff (1) is a member of a protected class, (2) suffered an adverse employment action (such as discharge), (3) was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class.)

he was qualified for reinstatement in ABC's apprenticeship program.[7]  Accordingly, ABC's

Motion for Summary Judgment with respect to Plaintiff's Title VII claims is GRANTED and

Plaintiff's Motion for Summary Judgment on the same claims is DENIED.

### (2)   ADA.

Plaintiff has asserted claims against ABC under Title I of the Americans with Disabilities

Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117.  Specifically, Plaintiff contends that ABC

failed to make "reasonable accommodations"with respect to Plaintiff's disability.  42 U.S.C. §

12112(b)(5)(A).   This claim fails for at least two reasons.  First, ABC is not a proper defendant

to these claims because it was not Plaintiff's employer.  The ADA prohibits "covered entities"

from discriminating "against a qualified individual with a disability because of the disability . . .

in regard to . . . the hiring . . . of employees." 42 U.S.C. § 12112(a).  "Covered entities" is

defined as "an employer, employment agency, labor organization, or joint labor-management

committee." 42 U.S.C. § 12111(2).  As noted above, here the parties agree that ABC was not

Plaintiff's employer.  There is no evidence or allegation, moreover, to suggest that ABC is an

employment agency, a labor organization, or a joint labor-management committee.  Second,

Plaintiff fails to articulate a *prima facie* case with respect to his ADA claim.[8]  Plaintiff fails to

---

[7]        *See, e.g., E.E.O.C. v. Sears Roebuck and Co.*, 243 F.3d 846, 851 (4th Cir. 2001) (a *prima facie* case of race discrimination in hiring may be established by showing that plaintiff (1) belongs to a protected class, (2) applied for and was qualified for a job for which the employer was seeking applicants, (3) was rejected, despite plaintiff's qualifications; and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications).

[8]        *See, e.g., Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005) (a *prima facie* case of discrimination under the ADA may be established by showing that plaintiff (1) has a disability, (2) is otherwise qualified to receive the employment

identify the disability that he contends is covered by ADA.  Assuming that Plaintiff's claim

focuses on ABC's denial of Plaintiff's request for reinstatement in the apprenticeship program,

there is no genuine dispute that Plaintiff was not qualified to participate in that program because

he was not employed by a participating employer.  Accordingly, ABC's Motion for Summary

Judgment with respect to Plaintiff's ADA claim is GRANTED and Plaintiff's Motion for

Summary Judgment on the same claim is DENIED.

### (3)    Constitutional Claims.

Plaintiff asserts numerous causes of action against ABC based on violations of

constitutionally protected rights:

> The Facts previously mentioned . . . deprived Plaintiff of the Right of
> Freedom of Speech to Peaceably Assemble And address his
> grievance, Equal Protection, Life Liberty and Pursuit of Happiness,
> Double Jeopardy all without Fair and Proper Due Process of Law as
> Guaranteed by the U.S. Constitution.

(Compl. 5.)  These claims are meritless.  First, Plaintiff fails to allege any facts that would

support a claim that the above rights were violated.  Second, there is no suggestion in this case

that ABC is a state actor or could be deemed a state actor, which is a prerequisite for such claims.

*See, e.g.*, *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993);

*Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 215 (4th Cir. 1993).  In sum,

there is no genuine issue of material fact with respect to Plaintiff's "constitutional" causes of

action and ABC is entitled to judgment as a matter of law on these claims.  Merely reciting

---

or benefit in question, and (3) was excluded from the employment or benefit, or otherwise
discriminated against, on the basis of his disability.).

provisions of the Constitution and, in this case, the Declaration of Independence,[9] does not give rise to causes of action based on principles embedded in those documents.  Accordingly, ABC's Motion for Summary Judgment with regard to Plaintiff's "constitutional" claims is GRANTED and Plaintiff's Motion for Summary Judgment on the same claims is DENIED.

**B.     State Claims.**

In addition to causes of action based on federal statutory and constitutional law, Plaintiff asserts a number of claims based on the law of the State of Maryland.  In deciding whether to exercise supplemental jurisdiction over these remaining claims, this Court has considered the following factors: convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.  *See Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999).  This Court finds that judicial economy is best served by exercising supplemental jurisdiction over Plaintiff's remaining claims.  In addition, as Plaintiff and Defendants have moved for summary judgment with respect to these claims, this Court finds that the factors of convenience and fairness to the parties also weigh in favor of resolving the state law claims.  Accordingly, after taking the above factors into account, this Court exercises its supplemental jurisdiction over Plaintiff's remaining claims.  28 U.S.C. § 1367(c)(3); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.").  Finally, principles of the substantive law of the state of

---

[9]     As ABC notes, Plaintiff's use of the phrase "Life Liberty and Pursuit of Happiness" is drawn from the Declaration of Independence.  *See* THE DECLARATION OF INDEPENDENCE para. 2 (U.S. 1776).

Maryland apply to these causes of action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As this Court has previously noted, "[i]n exercising its power over supplemental state claims, the Court applies the substantive laws of the forum state, Maryland." *Mayers v. Wash. Adventist Hosp.*, 131 F. Supp. 2d 743, 751 (D. Md. 2001) (citing *Erie R.R. Co.*, 304 U.S. at 78); *see Bryant v. Better Bus. Bureau of Greater Maryland*, 923 F. Supp. 720, 727 n.1 (D. Md. 1996) (citing *Erie R.R. Co.*, 304 U.S. at 78).

### (1)   Negligence Claims.

Plaintiff asserts claims of negligence and gross negligence against Butt. Under Maryland law, a cause of action in negligence requires that the plaintiff show: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered actual injury or loss; and (4) that the loss or injury proximately resulted from the defendant's breach of the duty. *See, e.g., Rosenblatt*, 642 A.2d at 188 (citations omitted). A claim of gross negligence requires more egregious conduct on the part of the defendant. *See Taylor v. Harford County Dep't of Social Servs.*, 862 A.2d 1026, 1034 (Md. 2004) (characterizing "gross negligence" as "[a]n intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another . . .") (citation omitted). In this case, Plaintiff's negligence claims fail because Plaintiff fails to point to any evidence with respect to duty, breach, or causation. Accordingly, ABC's Motion for Summary Judgment with regard to Plaintiff's negligence claims is GRANTED and Plaintiff's Motion for Summary Judgment on the same claims is DENIED.

### (2)   Intentional Infliction of Emotional Distress.

Plaintiff asserts a claim of intentional infliction of emotional distress against Butt. Under

Maryland law, a claim of intentional infliction of emotional distress has four elements: (1) the conduct must be intentional or reckless, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress must be severe. *See, e.g., Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 113 (Md. 2000) (citation omitted). In this case, Plaintiff's claim fails for two reasons. First, Plaintiff fails to forecast any evidence or allege any facts that would support a showing that Butt's conduct was extreme and outrageous. Second, Plaintiff fails to identify evidence or allege facts that would show that the conduct at issue was intentional or reckless. Accordingly, ABC's Motion for Summary Judgment with regard to Plaintiff's intentional infliction of emotional distress claim is GRANTED and Plaintiff's Motion for Summary Judgment on the same claim is DENIED.

**V.   Plaintiff's Other Motions.**

Currently pending before this Court are at least six motions filed by Plaintiff. Two of these motions are resolved above. For example, this Court has already denied Plaintiff's Motion for Summary Judgment. *See* Discussion *supra* § IV. In addition, Plaintiff's Motion to Strike ABC's Supplemental Motion to Dismiss the Title VII claim is rendered moot by this Court's rulings on BGE Home's Motion to Dismiss, Condustrial's Motion to Dismiss, and ABC's Motion for Summary Judgment. *See* Discussion *supra* §§ III-IV. Plaintiff's four remaining motions are addressed below.

First, Plaintiff moves for the appointment of counsel. (*See* Paper No. 30 p. 2.) A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v.*

*Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Whether such circumstances exist in a particular

case depend on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d

160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U. S. Dist. Court*, 490 U.S.

296 (1989).  This Court finds that the claims at issue here, to the extent they have any merit, are

not of undue complexity.  Plaintiff, moreover, is able to adequately articulate the facts that he

contends constitute grounds for relief without notable difficulty.  In sum, the issues presented in

this case are not unduly complex and there are no exceptional circumstances that warrant the

appointment of an attorney under § 1915(e)(1).  Accordingly, Plaintiff's Motion for Counsel is

DENIED.

Second, Plaintiff has filed at least two motions to amend his Complaint, including a

"Motion to Amend BGE Home Products & Services, Inc." (*see* Paper No. 22) and a "Motion to

Open and Vacate Judgment/Amend Complaint with his Response to Defendants Associated

Builders and Contractors Inc. and Michelle Lynn Butt Motion for Summary Judgment pursuant

to Rule 56 with a Demand for Judgment," (*see* Paper No. 27).  Although Rule 15 of the Federal

Rules of Civil Procedure provides liberality with respect to the filing of amended pleadings, the

United States Court of Appeals for the Fourth Circuit recently stated that "leave to amend a

pleading should be denied only when the amendment . . . would have been futile."  *Laber v.

Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted).  In

this case, after reviewing the papers filed by Plaintiff, this Court finds that Plaintiffs' proposed

amendments would be futile.  He essentially seeks to make random allegations against numerous

persons and entities with very little basis in fact.  Plaintiff fails to allege facts or identify reasons

to support his revised causes of action against BGE Home for "Breach of Contract, Non-

Compliance Refusing to Assist in Discovery, Aiding and Abetting, Failing to Mediate and

Arbitrate, Retaliation and Discrimination, Dealing in Bad Faith Including All Causes of Action in

Plaintiff [sic] Complaint and it [sic] Motion to Dismiss." (Paper No. 22 p. 4.)  Likewise,

Plaintiff offers no support of any kind for his request to include causes of action against Frank

Cahn, Esq. and James Cunningham, Esq. for "Negligence, Gross Negligence and Breach of

Contact and Fiduciary Trust in the March 20th, 2003 Occurrence," or against "Contellation

Energy and Constellation Energy, BGE/Home Inc. in care of Chief Operating Officer, Mayo A.

Shattucks III for a Full Refund as Contractual Guarantor and Associated Builders and

Contractors Inc. for all causes of action in Plaintiff Complaint as Plead in this action for Breach

of Contract, Breach of Fiduciary Trust, Failure and Refusal to Correct Defects and

Manufacturing with the $2,000,000.00 Two Million Dollars Compensation already stated," or for

"Willful and Fraudulent (Statutes of Fraud Generally) Misconduct pursuant to Title 6 against

Defendant Michelle Lynn Butt." (Paper No. 27 pp. 3-4.)  Accordingly, Plaintiff's Motions to

Amend the Complaint are DENIED.

Third, Plaintiff moves this Court to vacate and set aside a judgment that was apparently

entered in the matter of *Marty Richard Ferguson v. Edward Mitchell Bloom*, Case No. 24-C-03-

0036, Circuit Court for Baltimore City, Maryland. (*See* Paper No. 27.)  Plaintiff fails to identify

a basis for this request.  Generally, the full faith and credit statute, 28 U.S.C. § 1738, requires that

federal courts afford state court judgments "full faith and credit." *Id.* (providing that state

judicial proceedings "shall have the same full faith and credit in every court within the United

States . . . as they have by law or usage in the courts of such State . . . from which they are

taken").  There is no basis for this Court to set aside the judgment in the state court case arising

-19-

out of Plaintiff's March 20, 2003 car accident. Accordingly, Plaintiff's Motion to Vacate/Set Aside Judgment is DENIED.

Finally, Plaintiff has filed a "Motion to Dismiss Defendant Associated Builders and Contractors Inc. and Defendant Michelle Taylor Butt 'Suspicious Condition' Allegations."[10] Although this motion was apparently received by the Clerk of this Court, it does not appear to have been entered in the docket associated with this matter. The certificate of service attached to the motion indicates that it was served on the other parties in this litigation. Although difficult to understand, Plaintiff's motion appears to seek an order from this Court "dismissing" or striking a police report filed by Butt. There is no basis for granting this motion and, in any event, this Court has not relied on this police report or any summary of, or allegation related to, this police report in connection with this Memorandum Opinion. Accordingly, Plaintiff's "Motion to Dismiss Defendant Associated Builders and Contractors Inc. and Defendant Michelle Taylor Butt 'Suspicious Condition' Allegations" is DENIED.[11]

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss and for Summary Judgment are GRANTED and the various motions filed by Plaintiff are DENIED. A separate

---

[10]    A copy of this motion is attached to this Memorandum Opinion.

[11]    In his moving papers, Plaintiff appears to request that this Court compel arbitration. (*See* Pl.'s Mem. Supp. Mot. Summ. J. 2.) However, Plaintiff fails to present grounds for compelling arbitration. (*Id.*) Accordingly, this motion will be denied.

Order follows, and this case will be closed.

Dated: January 30, 2007                    /s/ _Rich D. Bennett_____

                                           Richard D. Bennett
                                           United States District Judge